## CLEVELAND SHOPPING NEWS CO. v. ROUTZAHN, Collector of Internal Revenue.

### No. 17809.

District Court, N. D. Ohio, E. D.
Feb. 27, 1935.

Irwin N. Loeser (of Mooney, Hahn, Loeser & Keough), of Cleveland, Ohio, for plaintiff.

Frank J. Wideman, Asst. Atty. Gen., Andrew D. Sharpe and Lester L. Gibson, Sp. Assts. to Atty. Gen., and Emerich B. Freed, U. S. Atty., and E. L. Foote, Asst. U. S. Atty., both of Cleveland, Ohio, for defendant.

JONES, District Judge.

The suit is to recover income taxes originally paid, and later assessed and paid, in respect of the fiscal years ending January 31, 1930, and January 31, 1931. Claims for refund were disallowed and rejected. The claims for refund related to deductions claimed by the taxpayer for the years in question, concurrently made the subject of

amended returns filed for those years. The deductions are claimed to be allowable because the directors of the plaintiff company authorized the distribution in 1929 among the stockholders of $25,530.17 as cash rebates and a stock dividend of 25 per cent. equal to $113,200 out of accumulated income; the balance of the fund as of January 31, 1930, to be distributed to stockholders in July, 1930, and January, 1931. The parties filed a written waiver of jury trial and the case was submitted to the court upon a written stipulation of facts. Some oral statements were heard and the questions have been fully briefed by the parties. It is thought unnecessary to restate the facts or to do more than briefly set down the considerations upon which a conclusion has been reached.

Once conceding the fund accumulated in the Stock Purchase and Guarantee Account as income, I see no escape from the disallowance of its later deduction. There is no basis for an allowable deduction without the complementary inclusion of the income which sponsors the deduction under the circumstances and facts involved here. Deductions of the character under consideration are allowable only in respect of income tax in accordance with the accounting period. While the collection of taxes upon the income not reported in earlier years is barred by statute, yet the computation of the tax for the subsequent years only may be made upon the basis that the deductions claimed are attributable to the income or returns of the business for the year in which deduction is sought to be taken. The carry-over of deductions is based upon the contingency of returned income for the preceding year. Such deductions are in reality credits allowed against total income upon the theory that they were a necessary expenditure in the earning or production of the income. Section 23(a), Revenue Act of 1928 (26 U.S.C.A. § 23(a) and note).

How can income for the year clearly be reflected if deductions relating to income accruing in other, different, or prior years, are allowed? And more especially, where such earlier income had not been, under the taxpayer's method of accounting, returned for taxation in such prior years? The government may not be deprived of its taxes for subsequent years by failure of its agents to discover or recognize items which should have been returned as income in prior years, but which were not included in the taxpayer's return for such prior years. The debt or liability remains even though its collection is barred by the statute of limitations.

It is true, as the plaintiff contends that, strictly speaking, the deductions in respect of rebates and stock distribution did not accrue until the fiscal year ending January 31, 1930, for the reason that the board of directors had not before then taken action characterizing the fund as a fixed expense or liability. But where the creation and accrual of the fixed liability rests wholly in the will of the taxpayer, the tax gatherer is likely to be left unjustly holding the bag, even though no deliberate wrong or omission was contemplated or intended; and it is stipulated that the returns of previous years were all made in good faith and disclosed the existence of the Stock Purchase and Guarantee Account. Thus, it seems to me that the omission to return the payments received and credited to the Stock Purchase and Guarantee Account as income during the prior years ought not to be permitted to deprive the government of income taxes for the subsequent years in question, at the election of the taxpayer. As I view the matter, it is not a case of indirect collection of barred taxes but, rather, it is a case in which the government should not be required to refund taxes for the years in question exacted and collected in accordance with the applicable provisions of the revenue laws.

The stipulation of facts will be adopted as findings of fact, and my conclusion thereon is that the defendant is entitled to judgment, for which entry may be made.